IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MYRA JEAN WOODRUFF and BOBBI LOUISE WOODRUFF, | § § § | |
| Plaintiffs, | § § | |
| | § | CIVIL ACTION NO. 6:20-cv-00638-JDK |
| v. | § § | |
| THE NORTHERN TRUST COMPANY, | § § | |
| Defendant. | § § | |

**DEFENDANT THE NORTHERN TRUST COMPANY'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

Defendant The Northern Trust Company ("Northern Trust" or "Defendant") moves, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for dismissal of all claims asserted by Plaintiffs Myra Jean Woodruff ("Myra") and Bobbi Louise Woodruff ("Bobbi" and, together with Myra, "Plaintiffs") in this action. Alternatively, Northern Trust move, under Rule 12(e) of the Federal Rules of Civil Procedure, for a more definite statement. In support therefore, Northern Trust would respectfully show the Court as follows:

**I.
STATEMENT OF THE ISSUES**

**1.** Northern Trust files this Motion seeking a complete dismissal of all of Plaintiffs' allegations in this lawsuit. First, Plaintiffs have failed to plead any specific causes of action against Northern Trust such that Northern Trust is without sufficient notice of the theory (or theories) under which Plaintiffs seek relief. Further, to the extent that Plaintiffs have asserted any particular

**DEFENDANT THE NORTHERN TRUST COMPANY'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**
28835\417088\261503639

PAGE 1

common law or statutory claims against Northern Trust, Plaintiffs have pleaded themselves out of court.

2.  Alternatively, Northern Trust moves under Federal Rule of Civil Procedure 12(e) for the Court to require Plaintiffs to provide a more definite statement as to the elements and factual bases of their claims.

## II.
## FACTUAL BACKGROUND

This lawsuit arises from Plaintiffs' contention that Northern Trust is liable for checks that were allegedly forged and cashed from Bobbi's account at Northern Trust. Pls.' Orig. Pet, ¶¶ 2.3, 2.5, 2.8, 3.2.[1] Specifically, Plaintiffs allege that, from approximately May 31, 2019 through September 17, 2019, Wanda Joy Woodruff ("Wanda," Bobbi's daughter) forged and cashed eight checks from Bobbi's account, totaling $96,800. *Id.*, ¶¶ 2.2, 2.4. Plaintiffs further allege that they first contacted Northern Trust regarding the alleged forgeries nearly four months after the first check was issued. *Id.*, ¶ 2.6. Plaintiffs now seek reimbursement from Northern Trust of such amount. *Id.*, ¶¶ 2.8, 3.2.[2]

Plaintiffs originally filed this lawsuit in the 124th Judicial District Court of Gregg County, Texas, on November 3, 2020. *See id.* Northern Trust was served with this lawsuit on November 10, 2020, and timely removed this case on December 10, 2020 on the basis of diversity of citizenship.[3] For the reasons discussed below, Plaintiffs have failed to state any claim against Northern Trust upon which relief can be granted.

---

[1] Plaintiff's Original Petition (the "Petition") was attached as Exhibit C to Defendants' Notice of Removal. See ECF No. 1, Ex. C; *see also* ECF No. 2.
[2] Upon information and belief, Myra has power of attorney for Bobbi.
[3] Northern Trust's Notice of Removal is on file with the Court as ECF No. 1. A true and correct copy of all process served on Northern Trust is attached as Exhibit D to the Notice of Removal. *See* ECF No. 1, Ex. D.

# III.
# ARGUMENT AND AUTHORITIES

A.   **Rule 12(b)(6) requires dismissal of all of Plaintiff's claims against Defendants.**

   1.   **Standard for dismissal under Rule 12(b)(6).**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of an action for failure to state a claim on which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). Under the 12(b)(6) standard, pleadings must show specific, well-pleaded facts, not mere conclusory allegations, to avoid dismissal. *See Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). In deciding a Rule 12(b)(6) motion, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Jefferson v. Lead Indus. Assoc., Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

   2.   **Plaintiffs wholly fail to allege any particular causes of action against Northern Trust.**

As an initial matter, the Petition fails to plead any specific causes of action against Northern Trust. Rather, Plaintiffs simply include a heading titled "Plaintiff's Cause of Action" and assert that, because Northern Trust "wrongfully paid the fraudulent checks over [Bobbi's] forged signature," Northern Trust is liable to Plaintiffs for the full $96,800 that Wanda fraudulently obtained. *See* Pls.' Orig. Pet, § III. From these allegations, Northern Trust is without sufficient notice of the theory (or theories) under which Plaintiffs seek relief. Dismissal is warranted and

proper where—like here—there is "lack of a cognizable legal theory." *See Brown v. St. Joseph's Hosp. & Health Ctr.*, 998 F. Supp. 727, 729 (E.D. Tex. 1998). Further, this Court is not required to "strain to find inferences favorable to plaintiffs [or] accept conclusory allegations, unwarranted deductions, or legal conclusions." *See R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (internal quotations and citations omitted).

Here, there is no "more than a sheer possibility that [Northern Trust] acted unlawfully." *See Ascroft v. Iqbal*, 556 U.S. 662, 679 (2009). This is insufficient to survive dismissal. Accordingly, Plaintiffs' allegations in the Petition should be dismissed in their entirety.

### 3. To the extent Plaintiffs have asserted any common law or statutory claims against Northern Trust, they have pleaded themselves out of court.

Plaintiffs do not assert that Northern Trust violated any particular common law principal or statutory provision. However, any such claims should be dismissed because Plaintiffs have pleaded themselves out of court.[4] *See Am. Airlines Emps. Fed. Credit Union v. Martin*, 29 S.W.3d 86, 91 (Tex. 2000) (citing TEX. BUS. & COM. CODE § 4.101, cmt. ("Article 4 of the UCC, of which Section 4.406 is a part, establishes the rights and duties between banks and their customers regarding deposits and collections.")).

The Texas Supreme Court has explicitly held that a "customer cannot assert [her] unauthorized signature against [a] bank when one wrongdoer makes a series of unauthorized transactions on the same account if the customer fails to discover and report the first unauthorized transaction within [thirty][5] days." *Martin*, 29 S.W.3d at 91 (citing TEX. BUS. & COM. CODE §

---

[4] *See Reyes v. Olmos Constr., Inc.,* No. Civ.A.SA04CA1165 NN, 2005 WL 1108956, at *1 (W.D. Tex. Apr. 26, 2005) ("Rule 12(b)(6) allows a court to eliminate actions that are fatally flawed in their legal premises and destined to fail, thus sparing the litigants the burdens of unnecessary pretrial and trial activity.").
[5] *See Canfield v. Bank One, Tex., N.A.*, 51 S.W.3d 828, 834 n. 3 (Tex. App.—Texarkana 2001, pet. denied) (noting that the statute, as amended in 1995, changes the period of time from fourteen to thirty days).

4.406(b)(2)). Moreover, under § 4.406, the burden is on the depositor to promptly examine her bank statement and report to the bank the discovery of any unauthorized signature within the timeframes specified in the statute or contractual agreement. *See also See La Sara Grain Co. v. First Nat'l Bank,* 673 S.W.2d 558, 561–62 (Tex. 1984). Failure to do so is an absolute preclusion to the customer asserting her unauthorized signature on an item against the bank. *See Canfield v. Bank One, Tex., N.A.,* 51 S.W.3d 828, 835 (Tex. App.—Texarkana 2001, pet. denied); TEX. BUS. & COM. CODE § 4.406(f). Here, Plaintiffs contend that the first unauthorized transaction occurred on May 31, 2019. *See* Pls.' Orig. Pet., ¶ 2.4. Plaintiffs further assert that they failed to notify Northern Trust about the alleged fraud until at least September 2019. *See id.*, ¶ 2.6. While Plaintiffs conveniently fail to indicate how they discovered the alleged forgeries, Plaintiffs' awareness of the forgeries in September 2019 implies that they were put on notice by Northern Trust of the transactions. Given that Plaintiffs do not assert that Northern Trust failed to timely provide or otherwise make Bobbi's bank statements available, Plaintiffs were required to review Bobbi's bank statements and alert Northern Trust of the first unauthorized transaction within thirty days. *See* TEX. BUS. & COM. CODE § 4.406(b)(2). Yet, as outlined above, it is undisputed that Plaintiffs did not report the series of unauthorized transactions until approximately four months after the first transaction occurred. *See* Pls.' Orig. Pet., ¶ 2.6.

Accordingly, Plaintiffs' claims under the Texas Business and Commerce Code—if any—should be dismissed because (1) Plaintiff has failed to plausibly allege facts supporting such claims, and (2) even if Plaintiff had sufficiently alleged such claims, they are nonetheless barred due to Plaintiffs' failure to timely discover and report the alleged unauthorized transactions.

**B.      In the alternative, Defendants move under Rule 12(e) to require Plaintiffs to provide a more definite statement of the claims asserted in the Petition.**

Federal Rule of Civil Procedure 12(e) specifically provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Such a motion is appropriate where "a pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Granting a motion for a more definite statement is a matter within the discretion of the court. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).

As set forth above, Plaintiffs' Petition fails to assert any particular cause of action, and it further fails to allege any specific wrongdoing on the part of Northern Trust. Unless Plaintiffs are required to replead their claims with the specificity outlined in Federal Rule of Civil Procedure 8(a), Northern Trust cannot prepare an answer that adequately addresses Plaintiffs' allegations. Specifically, as currently pleaded, Plaintiffs' allegations provide no clarification as to how Northern Trust failed to act properly or in good faith when it made payment on the allegedly forged checks. Further, as outlined above, Plaintiffs do not explain how they learned about the alleged fraudulent checks. Without such information, Northern Trust is unable to sufficiently determine whether Plaintiffs have any basis for their allegations or whether they are simply trying to avoid their statutory duty to inspect Bobbi's bank statements.

Put simply, the Petition, as currently drafted, is insufficient to provide Northern Trust the opportunity to effectively answer the allegations contained therein. Therefore, to the extent the Court determines that the deficiencies in the Petition do not warrant dismissal, Northern Trust requests, at a minimum, that Plaintiffs be required to provide a more definite statement as to the elements and factual bases of their claims.

## IV.
## CONCLUSION

For these reasons, Defendant The Northern Trust Company respectfully requests that the Court dismiss Plaintiffs' claims against it under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, Northern Trust requests that the Court order Plaintiffs to amend their Complaint with a more definite statement of their claims. Northern Trust further requests such other and further relief to which it may be justly entitled.

Respectfully submitted,

/s/ Sarah N. Wariner
**SARAH N. WARINER**
State Bar. No. 24065078
swariner@clarkhill.com
**ANNA OLIN RICHARDSON**
State Bar No. 24102947
aolin@clarkhill.com
**CLARK HILL STRASBURGER**
2600 Dallas Parkway, Suite 600
Frisco, Texas 75034
(469) 287-3900
(469) 227-6587 (facsimile)

**ATTORNEYS FOR DEFENDANT**
**THE NORTHERN TRUST COMPANY**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was duly served via CM/ECF on all counsel of record on December 17, 2020.

/s/ Sarah N. Wariner
**SARAH N. WARINER**