IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

|  |  |  |
|---|---|---|
| MYRA JEAN WOODRUFF AND<br>BOBBIE LOUISE WOODRUFF,<br>     Plaintiffs,<br><br>v.<br><br>THE NORTHERN TRUST COMPANY,<br><br>     Defendant. | § § § § § § § § § § § | Case No. 6:20-cv-638-JDK |

**ORDER GRANTING RULE 12(E) MOTION**

Plaintiffs Myra Jean Woodruff and Bobbie Louise Woodruff sued their banker, Defendant The Northern Trust Company. Plaintiffs allege that Defendant "wrongfully paid" eight forged checks over the course of five months. Docket No. 2 at ¶¶ 2.2.–2.5, 3.2. Defendant argues Plaintiffs' complaint fails to state a claim upon which relief can be granted, warranting dismissal under Federal Rule of Civil Procedure 12(b)(6). Docket No. 3 at 1–2. In the alternative, Defendant moves for a more definite statement under Rule 12(e). *Id.* at 2.

For the reasons discussed below, the Court **DENIES** Defendant's Rule 12(b)(6) motion and **GRANTS** Defendant's Rule 12(e) motion (Docket No. 3).

**I.   FACTUAL BACKGROUND**

Plaintiffs maintain a checking account with Defendant. Docket No. 2 at ¶ 2.1. Between May and September 2019, a third party forged Plaintiff Bobbie L. Woodruff's name on a series of eight checks and presented the checks for payment. *Id.* at ¶¶ 2.2–2.3. Defendant paid the checks from Plaintiff's checking account. *Id.* at ¶ 2.5.

Plaintiffs discovered the wrongful payments, notified Defendant, and completed Defendant's fraud-reporting process. *Id.* at ¶¶ 2.6–2.7. Defendant has not reimbursed Plaintiffs for the eight disputed payments. *Id.* at ¶ 2.8. Plaintiffs now sue to recover the value of the payments, amounting to $96,800.00. *Id.* at 3.2.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a party may seek dismissal for failure to state a claim upon which relief can be granted. "Thus, claims may be dismissed under Rule 12(b)(6) 'on the basis of a dispositive issue of law.'" *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). Claims may also be dismissed if the plaintiffs do not plead sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Such "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and must "make relief plausible, not merely conceivable, when taken as true." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009).

In evaluating a Rule 12(b)(6) motion, the Court must "accept as true all well pleaded facts in the complaint." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986). "All questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001).

"If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e)

before responding." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). The 12(e) motion is appropriate where a complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e); *accord Sisk v. Tex. Parks and Wildlife Dept.*, 644 F.2d 1056, 1058 (5th Cir. 1981)). Although Rule 12(e) motions are generally disfavored, "parties may rely on Rule 12(e) as a mechanism to enforce the minimum requirements of notice pleading." *Robin v. City of Frisco, Tex.*, No. 4:16-CV-576, 2017 WL 11477141, at *2 (E.D. Tex. Apr. 5, 2017) (quoting *Hoffman v. Cemex, Inc.*, No. H-09-2144, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009)).

### III. ANALYSIS

**A.    The Complaint does not merit dismissal.**

Defendant argues the case should be dismissed under Rule 12(b)(6) because Plaintiffs did not identify the legal theory under which they seek relief. Docket No. 3 at 3–4. Plaintiffs argue that the Complaint is adequate because it asserts a cause of action for "charging the Plaintiff's account for multiple items that were not signed by Bobbie Louise Woodruff." Docket No. 4 at 2. The Court does not find the complaint so deficient as to merit threshold dismissal.

"[A] Rule 12(b)(6) motion turns on the sufficiency of the '*factual* allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (emphasis original) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014)). At the pleadings stage, "it is unnecessary to set out a legal theory for the plaintiff's claim for relief." *Johnson*, 574 U.S. at 12 (quoting 5 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 1219 (3d ed. 2020)); *accord Balle v. Nueces Cty., Texas*, 952 F.3d 552, 556 (5th Cir. 2017). Accordingly, Plaintiffs are not required to

3

"categorize correctly the legal theory giving rise to the claim." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 434 (5th Cir. 2000) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 604 (5th Cir. 1981)).  A simple, concise, and direct account of the events giving rise to the cause of action is sufficient to "stave off threshold dismissal for want of an adequate statement of [the] claim." *Johnson*, 574 U.S. at 12; *see, e.g.*, *Smith v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 735 F. App'x 848, 854 (5th Cir. 2018) (per curiam).

Plaintiffs' failure to state a legal theory does not merit Rule 12(b)(6) dismissal. Plaintiffs allege that Defendant paid forged checks at Plaintiffs' expense and did not reimburse Plaintiffs for the charges.  Docket No. 2 at ¶¶ 2.5, 2.8.  Plaintiffs have thus fulfilled their requirement to "plead facts sufficient to show that [the] claim has substantive plausibility" by including a concise summary of the events giving rise to suit.  *See Johnson*, 574 U.S. at 12.  Plaintiffs do not—and need not—provide a perfect statement of their legal theory.  *See Balle*, 952 F.3d at 556.  Having "inform[ed] the [defendant] of the factual basis for their complaint," Plaintiffs "stave off threshold dismissal."  *See Johnson*, 574 U.S. at 12.  Accordingly, the Court **DENIES** Defendant's 12(b)(6) motion to dismiss.

### B. The Complaint is so vague that Defendant cannot reasonably prepare a response.

In the alternative, Defendant moves for a more definite statement under Rule 12(e).  Docket No. 3 at 6.  Plaintiffs do not directly respond to this argument. *See* Docket No. 4.  The Court agrees with Defendant that, while the complaint is

4

sufficient to survive dismissal, it is so vague that Defendant cannot reasonably answer.

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). If a complaint is "so vague or ambiguous that the party cannot reasonably prepare a response," the party may move for a more definite statement. FED. R. CIV. P. 12(e). A 12(e) motion is appropriate where, for example, the complaint is "devoid of any reference to a statute, regulation, or rule" creating a cause of action. *Diaz v. Kettley Trucking, Inc.*, No. 1:20-CV-51, 2020 WL 1666166, at *2 (E.D. Tex. Apr. 2, 2020). If a party seeks more detail, then discovery is the remedy. *Trademaven Clearing, LLC v. Hood*, No. 4:11-CV-351, 2012 WL 1108119, at *5 (E.D. Tex. Mar. 31, 2012); *accord Mitchell v. E–Z Way Towers, Inc.,* 268 F.2d 126, 132 (5th Cir. 1959). But if the defendant lacks "fair notice of what the plaintiff's claim is and the grounds upon which it rests," then a 12(e) motion is the cure. *Swierkiewicz*, 534 U.S. at 512, 514 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

As discussed above, the Complaint does not identify the legal theory entitling Plaintiffs to recover—whether a common law claim for breach of contract or fraud, or a statutory cause of action. In briefing the motion to dismiss, Defendant suggests that Plaintiffs possibly pled a claim under the Texas Business and Commerce Code.[1]

---

[1] Defendant argues that, if Plaintiffs' claim arises under Texas Business and Commerce Code §4.406(d)(2), then Plaintiffs' facts are insufficient to state a claim upon which relief can be granted. Docket No. 3 at 4–5. Plaintiff's Complaint presently does not assert such a claim, and the Court grants Defendant's motion for a more definite statement *for the purpose* of *clarifying* Plaintiffs' legal theory. The Court thus declines to assess the plausibility of a § 4.406(d)(2) claim at this stage.

Docket No. 3 at 4–5. In response, Plaintiffs agree that they intend to raise a statutory claim. Docket No. 4 at 2–3. Even so, the Complaint does not identify a Texas Business and Commerce Code statutory cause of action, or any other. *See* Docket No. 1. The Complaint is overly vague and in want of specification to "give the defendant fair notice of what the plaintiff's claim is." *See Swierkiewicz*, 534 U.S. at 512. Accordingly, the Court **GRANTS** Defendant's motion for a more definite statement.

## IV. CONCLUSION

In summary, the Court **DENIES** Defendant's Rule 12(b)(6) motion and **GRANTS** Defendant's Rule 12(e) motion (Docket No. 3). The Court further **ORDERS** that Plaintiffs may file a more definite statement within **FOURTEEN DAYS**. This statement normally takes the form of an amended complaint.

Further, the Court sets this case for an in-person status conference on **February 26**, **2021**, at **10:00 a.m.** at the William M. Steger Federal Building and United States Courthouse, 211 West Ferguson Street, Tyler, TX 75702. Lead counsel for each Party, or alternatively, counsel with authority to bind their respective clients, shall be present.

So **ORDERED** and **SIGNED** this **5th** day of **February, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE